JUDGE SEIBEL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

KATHY EMSLIE,

CASE NO. 09 CIV 7922

**NOTICE OF REMOVAL**

Plaintiff,

-against-

ITW FOOD EQUIPMENT GROUP, LLC,
et al.

Defendants.
------------------------------------------------------------- X

Defendant ITW Food Equipment Group LLC, on behalf of itself and as successor-in-interest to Berkel Company ("ITW FEG"), hereby gives notice of removal of a civil action, Index No. 17612/09, from the Supreme Court of the State of New York, County of Westchester. Removal of this action is proper under 28 U.S.C. §§1441(a) and 1446 for the reasons set forth below.

1.     On August 7, 2009, Plaintiff Kathy Emslie ("Plaintiff") filed the above-entitled civil action against ITW FEG in the Supreme Court of the State of New York, County of Westchester, Index No. 17612/09. The United States District Court for the Southern District of New York embraces the county where this action is pending.

2.     The summons and complaint were served on and first received by ITW FEG on August 31, 2009. The summons and complaint constitute all process, pleadings, and orders served in this action. Copies of the summons and complaint are attached hereto as Exhibit "A." This Notice of Removal is timely filed, within thirty days of ITW FEG's first receipt of the summons and complaint.

3.      Plaintiff Kathy Emslie alleges that she is, and was at all relevant times, a resident of New York. (Complaint, ¶1).

4.      ITW FEG is, and was at all relevant times, a Delaware limited liability company. ITW FEG has two members: FEG Investments LLC and PT2 Holdings, Inc.  The first member of ITW FEG, FEG Investments LLC, has one member: Hobart Corporation.  Hobart Corporation is, and was at all relevant times, a Delaware corporation with its principal place of business in Ohio. Therefore, Hobart Corporation is a citizen of Delaware and Ohio.  28 U.S.C. §1332(c)(1). Accordingly, FEG Investments LLC is, and was at all relevant times, a citizen of Delaware and Ohio.  Belleville Catering Co. v. Champaign Market Place, 350 F.3d 691, 692 (7th Cir. 2003) (holding limited liability companies are citizens of every state of which any member is a citizen); see also C.T. Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (holding diversity jurisdiction in a suit by or against an entity other than a corporation depends on the citizenship of all the members).  The second member of ITW FEG, PT2 Holdings, Inc., is, and was at all relevant times, a Delaware corporation with its principal place of business in Delaware.  Therefore, PT2 Holdings, Inc. is a citizen of Delaware.  28 U.S.C. §1332(c)(1).  Because the only two members of ITW FEG are citizens of Delaware and Ohio, ITW FEG is a citizen of Delaware and Ohio.

5.      ITW FEG is the successor-in-interest to Berkel Company.  Berkel Company is a non-incorporated division of ITW FEG and not a separate existing legal entity.

6.      Upon information and belief, Plaintiff is seeking in excess of $75,000.00, exclusive of interest and costs.  In her complaint, Plaintiff alleges that as a result of her accident, she "became sick, sore, lame and disabled, and suffered great physical and mental pain; suffered nervous shock and severe permanent injuries to her left hand; suffered nervous shock and injury

to her nerves and nervous system, and suffered great conscious pain and suffering . . . ."
(Complaint, ¶39).

7.    This Court has now, and had when the action was commenced, original diversity
jurisdiction under 28 U.S.C. §1332(a), as there is complete diversity of citizenship between
Plaintiff and ITW FEG and the amount in controversy exceeds $75,000.00, exclusive of interest
and costs.

8.    This Notice of Removal is being served on counsel for Plaintiff on this date.  ITW
FEG will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of
the State of New York, County of Westchester.

WHEREFORE, this action is hereby removed from the Supreme Court of the State of
New York, County of Westchester to the United States District Court for the Southern District of
New York.

DATED: _9/15/09_

Respectfully submitted,

Carl J. Schaerf
Schnader, Harrison, Segal & Lewis LLP
140 Broadway, Suite 3100
New York, New York 10005
(212) 973-8005
(212) 972-8798 (Facsimile)
CSchaerf@Schnader.com

*Attorney for Defendant ITW Food
Equipment Group LLC*

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------------X

KATHY EMSLIE,                                             **SUMMONS**

        Plaintiff,

                               Index No: 17612/09
     -against-                      Date of Filing: 8/7/09

ITW FOOD EQUIPMENT GROUP, LLC. and
BERKEL COMPANY,

        Defendants.

-----------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANT(s):

        YOU ARE HEREBY SUMMONED to appear in this action by serving a notice of appearance on plaintiff's attorneys within 20 days after service of this summons, exclusive of the day of service, or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, Judgment will be taken against you by default for the relief demanded in the Complaint.

        The basis of venue is place of occurrence: 138 Route 22 and Route 138, Goldens Bridge, County of Westchester, State of New York.

DATED:     White Plains, New York
            July 28, 2009

DEFENDANTS' ADDRESSES:              Yours, etc.,

ITW FOOD EQUIPMENT GROUP, LLC.
701 S. Ridge Avenue
Troy, Ohio 45374-0001            HOWARD B. STOLZENBERG
**SERVICE VIA SECRETARY OF STATE**   LEVER & STOLZENBERG, LLP
                                 Attorney for Plaintiff
BERKEL COMPANY                 303 Old Tarrytown Road
2006 Northwestern Parkway         White Plains, New York
P.O. Box 696                   (914) 288-9191
Louisville, KY 40201-0696
**SERVICE VIA SECREATRY OF STATE**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------X
KATHY EMSLIE,

          Plaintiff,

     -against-

ITW FOOD EQUIPMENT GROUP, LLC. and
BERKEL COMPANY,

          Defendants.
-----------------------------------------------------------------X

**VERIFIED COMPLAINT**
Index No.: 17612/09

     Plaintiff, KATHY EMSLIE, by her attorneys, LEVER & STOLZENBERG, LLP. alleges upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION

     1.      That at all times hereinafter mentioned plaintiff was and still is a resident of 15 Bangall Road, Paterson, State of New York.

     2.      That this action falls under one or more of the exceptions of CPLR § 1602.

     3.      That at all times herein mentioned, defendant ITW FOOD EQUIPMENT GROUP, LLC. was and still is a domestic corporation duly authorized and existing under and by virtue of the laws of the State of New York.

     4.      That at all times herein mentioned the defendant ITW FOOD EQUIPMENT GROUP, LLC. was and still is a foreign corporation, duly authorized and licensed to do business in the State of New York.

     5.      That at all times herein mentioned the defendant ITW FOOD EQUIPMENT GROUP, LLC. maintained their principal place of business in Troy, State of Ohio.

6.      That at all times herein mentioned defendant ITW FOOD EQUIPMENT GROUP, LLC. committed a tortious act within the State of New York.

7.      That defendant ITW FOOD EQUIPMENT GROUP, LLC. regularly does or solicits business in the State of New York.

8.      That defendant ITW FOOD EQUIPMENT GROUP, LLC. received substantial revenue from goods used or consumed or services rendered in the State of New York.

9.      That at all times herein mentioned the defendant ITW FOOD EQUIPMENT GROUP, LLC. was in the business of designing, selling, manufacturing and distributing certain meat slicing equipment for the purpose of sale and use to the general public.

10.     That at all times herein mentioned the defendant ITW FOOD EQUIPMENT GROUP, LLC. was in the business of designing, selling, manufacturing and distributing certain meat slicing equipment for the purpose of sale and use to businesses such as A & P Tea Company.

11.     That the defendant ITW FOOD EQUIPMENT GROUP, LLC. had designed, tested, manufactured, produced, inspected, marketed, sold, distributed and installed a certain product in the form of meat slicing equipment.

12.     That at all times herein mentioned and prior to March 5, 2007, the defendant ITW FOOD EQUIPMENT GROUP, LLC. designed, tested, manufactured, inspected, marketed, sold, distributed, delivered and installed to various retailers and to A & P Tea Company, the said product, which was used by the A & P Tea Company at their location of 138 Route 22 and Route 138, Goldens Bridge, New York.

13.     That the defendant ITW FOOD EQUIPMENT GROUP, LLC. designed, tested, manufactured, inspected, marketed, sold and distributed a certain Berkel meat slicer.

3

14.    That the aforementioned meat slicer was ultimately purchased and used by A & P Tea Company, the employer of plaintiff, KATHY EMSLIE.

15.    That the defendant ITW FOOD EQUIPMENT GROUP, LLC. warranted that said product was fit for the purpose for which it was intended.

16.    That the defendant ITW FOOD EQUIPMENT GROUP, LLC. warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

17.    That the defendant ITW FOOD EQUIPMENT GROUP, LLC. impliedly warranted that the said product was of merchantable quality and was safe for use.

18.    That defendant ITW FOOD EQUIPMENT GROUP, LLC. warranted their product in connection with the use of the product.

19.    That at all times herein mentioned, defendant BERKEL COMPANY was and still is a domestic corporation duly authorized and existing under and by virtue of the laws of the State of New York.

20.    That at all times herein mentioned the defendant BERKEL COMPANY was and still is a foreign corporation, duly authorized and licensed to do business in the State of New York.

21.    That at all times herein mentioned the defendant BERKEL COMPANY maintained their principal place of business in Louisville, State of Kentucky.

22.    That at all times herein mentioned defendant BERKEL COMPANY committed a tortious act within the State of New York.

23.    That defendant BERKEL COMPANY regularly does or solicits business in the State of New York.

4

24.     That defendant BERKEL COMPANY received substantial revenue from goods used or consumed or services rendered in the State of New York.

25.     That at all times herein mentioned the defendant BERKEL COMPANY was in the business of designing, selling, manufacturing and distributing certain meat slicing equipment for the purpose of sale and use to the general public.

26.     That at all times herein mentioned the defendant BERKEL COMPANY was in the business of designing, selling, manufacturing and distributing certain meat slicing equipment for the purpose of sale and use to businesses such as A & P Tea Company.

27.     That the defendant BERKEL COMPANY had designed, tested, manufactured, produced, inspected, marketed, sold, distributed and installed a certain product in the form of meat slicing equipment.

28.     That at all times herein mentioned and prior to March 5, 2007, the defendant BERKEL COMPANY designed, tested, manufactured, inspected, marketed, sold, distributed, delivered and installed to various retailers and to A & P Tea Company, the said product, which was used by the A & P Tea Company at their location of 138 Route 22 and Route 138, Goldens Bridge, New York.

29.     That the defendant BERKEL COMPANY designed, tested, manufactured, inspected, marketed, sold and distributed a certain Berkel meat slicer.

30.     That the aforementioned meat slicer  was ultimately purchased and used by A & P Tea Company, the employer of plaintiff, KATHY EMSLIE.

31.     That the defendant BERKEL COMPANY warranted that said product was fit for the purpose for which it was intended.

5

32.      That the defendant BERKEL COMPANY warranted that said product was safe to use in every respect, and had been manufactured safely and warranted that it was good, safe and proper to use.

33.      That the defendant BERKEL COMPANY impliedly warranted that the said product was of merchantable quality and was safe for use.

34.      That defendant BERKEL COMPANY warranted their product in connection with the use of the product.

35.      That on March 5, 2007, while engaged in her employment with A & P Tea Company at their location of 138 Route 22 & Route 138, Goldens Bridge, New York, plaintiff KATHY EMSLIE was working within the supermarket's delicatessen department equipped with the aforementioned meat slicer.

36.      That relying upon said warranties of defendants, plaintiff proceeded to use the aforementioned meat slicer, in accordance with its intended use.

37.      That on March 5, 2007 the plaintiff, while using the product in accordance with its intended use, was caused to suffer and sustain severe bodily injuries.

38.      That the aforesaid accident was caused solely and wholly by reason that defendants breached their warranty or product merchantability and fitness for the intended use of the said product which warranties were both express and implied.

39.      That solely by reason of the aforesaid accident the plaintiff KATHY EMSLIE became sick, sore, lame and disabled, and suffered great physical and mental pain; suffered nervous shock and severe and permanent injuries to her left hand; suffered nervous shock and injury to her nerves and nervous system, and suffered great conscious pain and suffering, all to plaintiff's damage

6

in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

40.    Plaintiff repeats and realleges each and every allegation contained in paragraphs from "1" through "39", with the same force and effect as those set forth herein and at length.

41.    That the said product was defective and unreasonably dangerous and that said defective and unreasonably dangerous condition was a substantial factor in causing the injury to the plaintiff.

42.    That on March 5, 2007, plaintiff KATHY EMSLIE was working with the above-mentioned meat slicer using the product for the purpose and use normally intended.

43.    That on March 5, 2007, while plaintiff KATHY EMSLIE was working with the above-mentioned meat slicer using the said product, plaintiff KATHY EMSLIE was caused to suffer severe bodily injuries.

44.    That by reason of the foregoing, the defendants, their servants, agents, licensees and/or employees are liable to plaintiff for strict liability and tort, and/or strict products liability.

45.    That by reason of the foregoing, plaintiff KATHY EMSLIE has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

46.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "45", with the same force and effect as those set forth herein fully and at length.

7

47.     That plaintiff KATHY EMSLIE was caused to sustain those bodily injuries through no fault or carelessness of her own, but solely due to the acts and/or omissions which constituted the negligence of the defendants, their agents, servants, licensees and/or employees, in failing to use proper skill in the manufacturing, designing, testing, inspecting, marketing, labeling and installation of said product; in failing to provide for basic, common, safety principles; in labeling the product in a defective and improper manner; in failing to label the product; in failing to advise plaintiff that the product and its parts in accordance with the instructions became defective and was unsafe and hazardous; in failing to properly inspect, design and test the aforesaid product before allowing same to be used by the general public; in failing to test the said product; in failing to inspect the said product; in failing to give proper and timely notice to plaintiff of the defective, unsafe and poorly labeled product, and improperly not providing for warnings, in accordance with the instructions of its use; in failing to provide a safe product, and causing, creating and allowing a defective, improper and poorly labeled product by improperly giving and failing to give instructions thereby creating a dangerous condition with respect to the product and its use, and permitting it to remain and exist; in failing to provide proper safeguards and warnings to prevent injury to the users and others of the said product; in the improper installation of said product; in failing to warn the plaintiff and others of the dangerous, improper and poorly designed label and defective instructions and condition of the product, and in manufacturing improperly and negligently designing labels, and warnings, and releasing same for its use to the general public; and in otherwise being careless and negligent.

48.     That by reason of the foregoing, plaintiff, KATHY EMSLIE has been damaged in a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter.

WHEREFORE, plaintiff KATHY EMSLIE demands judgment against the defendants as follows:

a.    a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter on plaintiff's first cause of action;

b.    a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter on plaintiff's second cause of action;

c.    a sum of money having a present value that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter on plaintiff's third cause of action;

d.    together with the interest, costs and disbursements of this action.

Dated:    White Plains, New York
July 28, 2009

Yours, etc.

HOWARD B. STOLZENBERG
LEVER & STOLZENBERG, LLP
Attorneys for Plaintiff
KATHY EMSLIE
303 Old Tarrytown Road
White Plains, New York 10603
(914) 288-9191

9

STATE OF NEW YORK        )
                              )SS.:
COUNTY OF WESTCHESTER    )

        I, HOWARD B. STOLZENBERG, an attorney admitted to practice in the Courts of the State of New York, say that:

        I am a member of the firm of LEVER & STOLZENBERG, LLP. the attorneys for plaintiff(s) in the within action;

        I have read the annexed COMPLAINT and the same is true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

        The reason I make this verification instead of plaintiff is that plaintiff resides outside of the county in which my office is located.

        The sources of my information and the grounds for my belief are based upon correspondence and reports of investigation in the files of my firm.  I affirm that the foregoing statements are true under the penalties of perjury.

DATED:      White Plains, New York
              July 28, 2009

                                        HOWARD B. STOLZENBERG

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

KATHY EMSLIE,

                              Plaintiff,

        -against-

ITW FOOD EQUIPMENT GROUP, LLC. and
BERKEL COMPANY,

                              Defendants.

## SUMMONS AND VERIFIED COMPLAINT

### LEVER & STOLZENBERG, LLP.
Attorneys for Plaintiff
303 Old Tarrytown Road
White Plains, New York 10603
(914) 299-9191

        Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

DATED: July 28, 2009

                                    HOWARD B. STOLZENBERG

DOS-1248 (11/96)

**DEPARTMENT OF STATE**
UNIFORM COMMERCIAL CODE
ALBANY, NY 12231-0001

Sender:



USA/CERTIFIED
★ Patents 5,575,277 ★
★ 5,597,643 ★ 5,948,500 ★
3-1/P Laser Form ★ /USA CMF-079 LU05 ★

 **CT Corporation**

**Service of Process Transmittal**
08/31/2009
CT Log Number 515356560

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

TO: Lisa Hatyina
Illinois Tool Works Inc.
3600 West Lake Avenue
Glenview, IL 60026-1215

RE: **Process Served in New York**

FOR: ITW Food Equipment Group LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kathy Emslie, Pltf. vs. ITW Food Equipment Group, LLC and Berkel Company, Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Verified Complaint |
| **COURT/AGENCY:** | Westchester County: Supreme Court, NY Case # 17612/09 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - "Meat Slicer" - Pltf. sustained personal injury while using said produce |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/31/2009 postmarked: "Illegible" |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service is complete |
| **ATTORNEY(S) / SENDER(S):** | Howard B. Stolzenberg Lever & Stolzenberg, LLP 303 Old Tarrytown Road White Plains, NY 10603 (914) 288-9191 |
| **REMARKS:** | Papers were served on the New York State Secretary of State on 08/21/2009. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/31/2009, Expected Purge Date: 09/05/2009 Image SOP Email Notification, Lisa Hatyina LHATYINA@ITW.COM Email Notification, Brenda Wilson BRENDA.WILSON@ITWFEG.COM |
| **SIGNED:** PER: **ADDRESS:** **TELEPHONE:** | C T Corporation System Christopher Tilton 111 Eighth Avenue New York, NY 10011 212-894-8940 |

Page 1 of 1 / RJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

State of New York - Department of State
Division of Corporations

Plaintiff/Petitioner:
EMSLIE, KATHY

Party Served:
ITW FOOD EQUIPMENT GROUP LLC

C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 08/21/2009 pursuant to SECTION 303 OF THE LIMITED LIABILITY COMPANY
LAW. This copy is being transmitted pursuant to such statute to the address
provided for such purpose.

Very truly yours,
Division of Corporations